**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHARLES L. STRONG,

      Plaintiff,      No. 1:19-CV-63
                 (MAD/CFH)
 v.

THE STATE OF NEW YORK, et al.,

      Defendants.

---

**APPEARANCES:**

Charles L. Strong
04A4227
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis Application

  The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff pro se Charles L. Strong. Dkt. Nos. 1 ("Compl."), 5. After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed IFP.[1]

---

[1] Plaintiff is advised that, despite his IFP status, he will still be required to pay any fees he incurs in this action, including copying fees and witness fees.

## II. Initial Review[2]

### A. Standard of Review

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting him or her to proceed with the action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean the Court is required to accept unsupported allegations devoid of sufficient facts or claims nor is the Court required to accept frivolous claims. See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant['s] duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However,

3

"[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

## B. Plaintiff's Complaint

Plaintiff seeks to bring this action pursuant to 42 U.S.C. § 1983 alleging that defendants the State of New York, New York State Court of Appeals, Judge John Hall of the Supreme Court of the State of New York, District Attorney ("D.A.") Kathleen Hogan, and Robert E. Kelly, Esq., violated his constitutional rights. See generally Compl. Plaintiff alleges that on November 1, 2003, he called the Glens Falls Police Department after receiving a phone message that indicated that he had been "set up for a crime as revenge for breaking a girl[']s heart [and] a future custody issue." Id. at 4-5. The Glens Falls Police Department then "came out of their jurisdiction" and placed plaintiff in custody. Id. at 5. At the police station, plaintiff made a written statement as to the events that had occurred the previous night. Id. The Glens Falls Police Department then placed plaintiff under arrest for making a false statement and "denying guilt of the crime." Id. Plaintiff was arraigned at 9:00 A.M., and "after ROR was placed back into custody [illegally] and held and interrogated without a lawyer." Id.

In addition to alleging an improper arraignment, plaintiff also references a false arrest, refusal to obtain evidence, and "frivolous denials of 440.5 motions even when no opposition given." Compl. at 4. Plaintiff also contends that the New York State court system took five years to "conclude" his state court remedies, and that they "friv[o]lously

4

den[ied]" his claims.  Id.  Plaintiff argues that he has spent fifteen years in prison "with an eye witness and evidence of actual innocence."  Id. at 5.  Plaintiff claims that he suffers from posttraumatic stress disorder, which "led to a forced confession while suffering a nervous breakdown [that] led to a suicide attempt."  Id.  Plaintiff also contends that he was "denied a 730 hearing and all records [were] with[h]eld even by [the] local public defender," and that the court system "refused to resentence [him] under NYS own codes because it would open up a possibility to submit evidence and misconducts."  Id.

Plaintiff seeks his a review of his case and his "immediate release due to constitutional violations prior to but [especially] following 9 a.m. arrai[g]nment."  Compl. at 5.  He also requests that this Court order the state court to "hand over" withheld Brady and Rosario material.  Id.

### C. Statute of Limitations

To the extent that plaintiff attempts to set forth claims against defendants pursuant 42 U.S.C. § 1983, the undersigned concludes that these claims, and any future proposed amendments, are futile because the applicable statute of limitations has expired.  "Where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on § 1915(e)(2)(B) review even though the statute of limitations bar is an affirmative defense."  Kunz v. Brazill, No. 6:14-CV-1471 (MAD/TWD), 2015 WL 792096, at *5 n.2 (N.D.N.Y. Feb. 25, 2015) (citing inter alia Pino v. Ryan, 49 F.3d 51, 53 (2d Cir.

5

1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint)). Although there is no statute of limitations provision in § 1983, 24 U.S.C. § 1988 provides that state law may apply if it is consistent with the Constitution or federal law. 42 U.S.C. § 1988(a); Moor v. Cnty. of Alameda, 411 U.S. 693, 702-03 (1973). In New York State, the statute of limitations for a § 1983 suit is three years, derived from the general or residual personal injury laws of the forum state. See N.Y. C.P.L.R. § 214(5) (MCKINNEY 2017); Owens v. Okure, 488 U.S. 235, 249-50 (1989); Romer v. Leary, 425 F.2d 186, 187 (2d Cir. 1970); Lugo v. Senkowski, 114 F. Supp. 2d 111, 113 (N.D.N.Y. 2000) (applying Owens in establishing a three-year statute of limitation for § 1983 claims). Thus, plaintiff's claims are subject to New York's three-year statute of limitations.

Pursuant to federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know" of the harm. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (citations and internal quotation marks omitted). "The crucial time for accrual purposes is when the plaintiff becomes aware that he [or she] is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980).

Plaintiff's § 1983 claims accrued at the time of defendants' alleged violation of his constitutional rights in connection with the prosecution and defense of his 2004 criminal charges, as that is when he first became aware that he suffered "from a wrong for which damages may be recovered[.]" Singleton, 632 F.2d at 192. Thus, the three-year statute of limitations under § 1983 would have run in 2007 – twelve years before

6

plaintiff's commencement of this action in January 2019. Insofar as plaintiff's claims against Public Defender Robert E. Kelly can be construed as a legal malpractice claim under New York State law, "the claim would be barred by the applicable three year statute of limitations for legal malpractice, which begins to run on 'the day an actionable injury occurs,' regardless of when a plaintiff discovers the injury." Kunz, 2015 WL 792096, at *6 (citing N.Y. C.P.L.R. § 214; Protostorm, LLC v. Antonelli, Terry, Stout & Kraus, LLP, 834 F. Supp. 2d 141, 155 (E.D.N.Y. 2011)). Thus, insofar as plaintiff attempts to set forth a legal malpractice claim, such claim is also barred by the statute of limitations.

As such, to the extent that plaintiff attempts to bring claims against defendants pursuant to § 1983, it is recommended that these claims be dismissed with prejudice as the statute of limitations has expired.

### D. Failure to State a Claim Against Defendants Pursuant to § 1983

Although the undersigned concludes that plaintiff's § 1983 claims are barred by the statute of limitations, the undersigned also concludes that plaintiff fails to state a claim against defendants pursuant to § 1983. Section 1983 provides, in part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To set forth a cause of action under section 1983, a plaintiff must

7

demonstrate that the alleged conduct was (1) "committed by a person acting under color of state law"; and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal quotation marks omitted)). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992).

The Supreme Court of the United States has found that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, a plaintiff must establish that the defendant was either a state actor or a private party acting under color of state law. See Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 323 (2d Cir. 2002); see also United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'"). A private party engages in state action when they are found to be a "willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (citing United States v. Price, 383 U.S. 787, 794 (1966)). "Conduct that is ostensibly private can be fairly

8

attributed to the state only if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." White v. Moylan, 554 F. Supp. 2d 263, 267 (D. Conn. 2008) (citation omitted).

### 1. Heck v. Humphrey

Although plaintiff's claims are barred by the statute of limitations, to provide a thorough assessment the undersigned will review whether plaintiff's complaint sets forth any colorable claims even in the absence of the statute of limitations bar. Plaintiff purports to set forth claims demonstrating a violation of his constitutional rights relating to his 2004 criminal trial and challenges the prosecution and defense of his 2004 criminal convictions. See generally Compl. In Heck v. Humphrey, the Supreme Court of the United States created a jurisdictional prerequisite to civil suits brought under 42 U.S.C. § 1983:

> [i]n order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance for a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizant under § 1983.

512 U.S. 477, 486-87 (1994) (emphasis in original). Plaintiff is currently incarcerated pursuant to convictions stemming from the 2004 criminal trial that he is attempting to

9

challenge.³ Thus, as it is clear that plaintiff's conviction has not been overturned, or his sentence invalidated, the undersigned concludes that plaintiff's claims "are barred under Heck unless and until such time as [p]laintiff's conviction is overturned or his sentence invalidated." Boria v. Hicks, No. 5:17-CV-00486 (TJM/TWD), 2017 WL 2983304, at *2 (N.D.N.Y. June 14, 2017), report and recommendation adopted, 2017 WL 2983008 (N.D.N.Y. July 12, 2017) (citing Ingram v. Herrick, 475 F. App'x 793, 794 (2d Cir. 2012) (summary order) ("When a prisoner's victory in a § 1983 suit would necessarily demonstrate the invalidity of his conviction or sentence, the § 1983 suit must be dismissed, since a habeas petition is the appropriate vehicle by which to request relief from illegal confinement.") (citation omitted)).⁴ Accordingly, it is recommended that, in the alternative to dismissal pursuant to the statute of limitations, plaintiff's complaint be dismissed.⁵

---

³ The DOCCS look up website provides that plaintiff is incarcerated pursuant to 2004 convictions of Arson in the Second Degree, Criminal Contempt in the First Degree, Attempted Assault in the Second Degree, and Reckless Endangerment in the First Degree. See DOCCS LOOKUP, http://nysdoccslookup.doccs.ny.gov/ (last visited Apr. 19, 2019).

⁴ A CM/ECF query of plaintiff's name provides that plaintiff has filed prior habeas corpus petitions concerning his 2004 trial and criminal conviction — the first petition, dated September 4, 2007, No. 9:07-CV-00925 (GLS/DRH) ("Strong I"), and the second petition dated September 20, 2007, No. 9:07-CV-00980 (JKS) ("Strong II"). In Strong I, this Court found that plaintiff failed to comply with the requirements of Rules Governing Habeas Corpus Proceedings and directed him to file an amended complaint within thirty (30) days. Strong I, Dkt. No. 3. Plaintiff failed to file the amended complaint, and this Court dismissed the petition on December 17, 2007. Strong I, Dkt. No. 4. In Strong II, this Court treat[ed] the Petition filed in Strong I as having been filed in this case, amended as provided in the Amended Petition filed herein." Strong II, Dkt. No. 22 at 5. In Strong II, plaintiff challenged (1) his statements made to police; (2) exclusion of testimony; (3) jury instructions; and (4) his sentence imposed. Id. at 11. This Court dismissed plaintiff's petition in Strong II on the merits. See id. at 36. Plaintiff's current complaint seems to challenge, at least in part, some of the same issues previously dismissed on the merits in Strong II.

⁵ A Heck dismissal would normally be without prejudice and with opportunity to amend when the conviction or sentence has been reversed . . . , expunged . . . , [or otherwise] declared invalid[.]" Heck, 512 U.S. at 486-87. However, as the undersigned sets forth below, see infra, at 11-16, it is recommended that plaintiff's claims be dismissed with prejudice.

## 2. Eleventh Amendment Immunity

Plaintiff names the State of New York and the New York State Court of Appeals as defendants. See generally Compl.[6] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court ." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y.2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). Moreover, "[a] suit against a state court . . . is considered to be a suit against the state, and is therefore also prohibited by the Eleventh Amendment." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Mathis v. Clerk of First Dept., Appellate Div., 631 F. Supp. 232, 234-35 (S.D.N.Y. 1986)). Therefore, to the extent that plaintiff attempts to raise claims against the State of New York and the New York State Court of Appeals, such claims cannot stand.

---

[6] Plaintiff does not clearly allege his claims against the State of New York and the New York State Court of Appeals.

11

Accordingly, it is recommended that, in the alternative to dismissal pursuant to the statute of limitations, all claims against the State of New York and the New York State Court of Appeals be dismissed with prejudice as barred by sovereign immunity.

### 3. Judicial Immunity

Plaintiff names New York State Supreme Court Judge John Hall in his complaint.[7] See generally Compl. It is well-settled that judges enjoy absolute immunity from suits for acts performed pursuant to their judicial duties. See Cruz v. New York, No. 5:17-CV-00510 (BKS/TWD), 2017 WL 6021838, at *18 (N.D.N.Y. Oct. 27, 2017) (citation omitted). "Immunity from suit is overcome in only two narrow circumstances[:] [(1)] a judge is not immune from liability for non-judicial actions, i.e., actions not taken in a judge's judicial capacity[; (2)] a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. The Supreme Court of the United States has "'generally concluded that acts arising out of, or related to, individual cases before the judge are judicial in nature.'" Id. (quoting Bliven v. Hunt, 579 F.3d 204, 210 (2d Cir. 2009)).

The documents plaintiff attached to his complaint indicate that Judge John Hall acted as the trial judge in plaintiff's underlying criminal case. See Dkt. No. 1 at 41; see People v. Strong, 27 A.D.3d 1010, 1011 (N.Y. App. Div. 2006) (denoting John Hall Jr. as the trial judge). Because plaintiff's complaint challenges his underlying conviction at

---

[7] Although named as a defendant, the complaint fails to specify plaintiff's claims against Judge Hall.

12

the state trial court level, any claim he may attempt to set forth against Judge Hall would seem to be related to plaintiff's 2004 criminal case before Judge Hall. See generally Compl. Thus, because plaintiff's claims against Judge Hall would be for acts performed pursuant to his judicial duties, Judge Hall is entitled to judicial immunity. Accordingly, it is recommended that, in the alternative to dismissal pursuant to the statute of limitations, plaintiff's claims against Judge Hall be dismissed with prejudice.

### 4. Absolute Immunity

Plaintiff names Warren County District Attorney ("D.A.") Kathleen Hogan as a defendant. See generally Compl. It appears as though plaintiff named D.A. Hogan as a defendant because her office prosecuted the 2004 criminal case against plaintiff. Id. at 14. "Because a public prosecutor cannot zealously perform the prosecutorial duties of the office if compelled to work under the constant threat of legal reprisals, such official is shielded from liability for civil wrongs by the doctrine of absolute immunity." Hill v. City of New York, 45 F.3d 653, 656 (2d Cir. 1995). In Hill, the Second Circuit held that

> In determining whether absolute immunity obtains, we apply a "functional approach," looking to the function being performed rather than to the office or identity of the defendant. State prosecutors are entitled to absolute immunity for that conduct "intimately associated with the judicial phase of the criminal process." Thus, a district attorney is absolutely immune from civil liability for initiating a prosecution and presenting the case at trial. Such official is also immune for conduct in preparing for those functions; for example, evaluating and organizing evidence for presentation at trial or to a grand jury, or determining which offenses are to be charged. Prosecutorial

> immunity from § 1983 liability is broadly defined, covering "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate."

Id. at 660-61 (internal citations omitted).

Plaintiff's complaint seems to suggest that prosecutors withheld material evidence and witness statements that they were required to disclose pursuant to Brady v. Maryland, 373 U.S. 83 (1963) and People v. Rosario, 9 N.Y.2d 286 (1961). See Compl. at 4-5, 29. A prosecutor's handling of Brady and Rosario material is "associated with [his or her] function as an advocate," Hill, 45 F.3d at 661, and, therefore, protected by absolute immunity. See Van Lewis v. Kyle, No. 5:18-CV-1128 (MAD/ATB), 2019 WL 643174, at *2 (N.D.N.Y. Feb. 15, 2019) (dismissing with prejudice the plaintiff's claims that the defendant district attorney failed to provide him with Brady evidence because the defendant was protected by absolute immunity); Kneitel v. Danchuk, No. 04-CV-0971 (NGG)(LB), 2007 WL 4441224, at *8 (E.D.N.Y. Dec. 17, 2007) (holding that the plaintiff's allegations of Rosario violations are subject to absolute immunity).

Moreover, there is no indication that D.A. Hogan engaged in "investigative functions" that would render such immunity defeated or that plaintiff seeks to challenge D.A. Hogan for anything other than her prosecutorial acts. See Van Lewis, 2019 WL 643174, at *2 ("Absolute immunity will apply to a prosecutor's conduct that is intimately associated with the judicial phase of the criminal process, but not to a prosecutor's acts of investigation or administration.") (internal quotation marks and citation omitted). As such, insofar as plaintiff attempts to set forth claims against D.A. Hogan for Brady and Rosario violations, it is recommended that, in the alternative to dismissal pursuant to the statute of limitations,

these claims be dismissed with prejudice as barred by absolute immunity.

### 5. Claims against Robert E. Kelly, Esq.

To the extent that plaintiff attempts to set forth an ineffective assistance of counsel claim against Public Defender Robert E. Kelly under § 1983, the undersigned concludes that such claims are futile. "Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983." Kunz, 2015 WL 792096, at *7 (citing Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citation omitted)).

Plaintiff's complaint seems to suggest that Mr. Kelly, his attorney during 2004 criminal trial, withheld records from the trial court. Compl. at 5. Plaintiff proffers a letter addressed to Mr. Kelly dated November 25, 2004, wherein plaintiff requests that Mr. Kelly provide an affidavit detailing his "unawareness of the [alleged Brady] material, and that if [Mr. Kelly] had been given the exculpatory information prior at trial, [he] could have accessed this material, and effectively used it at trial in [plaintiff's] defense." Id. at 37. Plaintiff claims that this alleged failure to provide the records constitutes ineffective assistance of counsel because "Feds denied because state issues were not preserved," and he "made every effort, but . . . Kelly refused[ ] [t]o obtain, or argue or even give [him] any of the necessary paperwork[.]" Id.

There is no indication in the complaint that Mr. Kelly was a "willful participant in joint

15

activity with the State or its agents," as is required in order for the Court to find that a private party has engaged in state action. See Adickes, 398 U.S. at 152. Because Mr. Kelly was performing his "traditional functions as counsel to defendant" during the alleged violation, he cannot be held liable pursuant to § 1983. Rodriguez, 116 F.3d at 65-66. As such, it is recommended that, in the alternative to dismissal pursuant to the statute of limitations, plaintiff's § 1983 ineffective assistance of counsel claim be dismissed with prejudice.[8] As plaintiff's ineffective assistance of counsel claim seems to challenge his confinement, the undersigned notes that "a habeas petition is the appropriate vehicle by which to request relief from illegal confinement." Ingram, 475 F. App'x at 794. The undersigned notes that insofar as plaintiff may attempt to raise the same claims that he already litigated in Strong II, see supra n.5 at 19, albeit unsuccessfully, in a future habeas petition, these claims would be barred by the doctrine of collateral estoppel. See Lewis v. McElroy, 294 F. App'x 637, 639 (2d Cir. 2008) (summery order) (holding that the plaintiff's claims that he already litigated in a substantially similar habeas petition were barred by collateral estoppel).

The undersigned notes that the Court does not have subject matter jurisdiction over plaintiff's New York State legal malpractice claim, insofar as he attempts to bring such claim, as it does not involve citizens of different states under diversity jurisdiction, see 28 U.S.C. § 1332(a)(1), or is based in federal law under federal question jurisdiction, see Greenberg v. Bear, Sterns & Co., 220 F.3d 22, 25 (2d Cir. 2000). Moreover, a district court

---

[8] As stated above, to the extent that plaintiff attempts to set forth a legal malpractice claim against Mr. Kelly, such claim is barred by the three-year statute of limitations. See supra, at 6.

"may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Here, as the undersigned has recommended dismissal of all federal claims, it is recommended that the Court decline to exercise supplemental jurisdiction to the extent plaintiff's complaint can be read as attempting to set forth a legal malpractice claim under New York State law.

### III. Motion to Appoint Counsel

In a separately-filed motion, plaintiff seeks the appointment of counsel. Dkt. No. 7. Plaintiff contends that he has contacted "numerous attorneys over the years, [and his] friends and family have requested pro-bono, because they could not affor[d] the retainer of a[n] attorney." Id. at 1. Plaintiff further indicates that his "mental health, anxiety, [and] PTSD [ ] prevent [him] from being able to work on [his] legal work without being able to comprehend as well as the seriousness of the judicial misconduct and malice prosecution." Id.

It is well settled that "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). In Terminate Control Corp. v. Horowitz, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. Id. at 1341 (quoting

Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)); see also Leftridge, 640 F.3d at 69 (noting that a motion for appointment of counsel may be properly denied if the court "concludes that [the party's] chances of success are highly dubious.") (citations omitted).

Because the undersigned has recommended dismissal of all of plaintiff's claims with prejudice, plaintiff's request for the appointment of counsel is denied as moot.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion for in forma pauperis relief (Dkt. No. 5) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that plaintiff's Motion to Appoint Counsel (Dkt. No. 7) be **DENIED** as moot, but the denial is without prejudice and with opportunity to renew should the district judge conclude that any portion of this case should be permitted to proceed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall

be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); F ED R. C IV. P. 6(a), 6(e), 72.[9]

Dated: April 19, 2019
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

---

[9] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. F ED. R. C IV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).