**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CHARLES L. STRONG,**

                              **Plaintiff,**

  vs.                                                       **1:19-CV-63**
                                                                     **(MAD/CFH)**

**THE STATE OF NEW YORK; NEW YORK STATE COURT OF APPEALS; SUPREME COURT OF THE STATE OF NEW YORK; and ROBERT E. KELLY, ESQ.,**

                                **Defendants.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**CHARLES L. STRONG**
04A4227
Greene Correctional Facility
P.O. Box 975
Coxsackie, New York 12051
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On January 17, 2019, *pro se* plaintiff, Charles L. Strong ("Plaintiff"), a current New York State inmate, commenced this civil action against the State of New York, New York State Court of Appeals, the Supreme Court of the State of New York–specifically Judge John Hall and District Attorney Kathleen Hogan–and Public Defender Robert E. Kelly. *See* Dkt. No. 1. Plaintiff claims these Defendants violated his constitutional rights in connection with his New York State conviction in 2004 and his resulting sentence of twenty-two years in jail, followed by five years of supervised release. *See id.*

For a complete recitation of the relevant background, the Court refers the parties to Magistrate Judge Hummel's Report and Recommendation dated April 19, 2019. *See* Dkt. No. 9. Briefly, the Court notes Plaintiff alleged that on November 1, 2003, he was wrongfully placed into custody by the Glens Falls Police Department and then once at the police station, made a written statement. Dkt. No. 1 at 4-5. Plaintiff claims that police then arrested him for making a false statement and "denying guilt of the crime," which he claims he did not commit. *Id.* Plaintiff stated he was improperly arraigned the next morning and then held illegally and interrogated without a lawyer present, which caused him to suffer a nervous breakdown and later attempt suicide. *Id.* at 4-5, 9-10. Plaintiff also alleges that New York State took years to "conclude" his state court remedies, and that evidence had been kept from him and his public defender. *Id.* at 3-5. He further contends New York frivolously denied his claims and his motions to vacate the judgment against him or set aside his sentence. *Id.* at 3-5. Plaintiff alleges that these injustices and failures of the State, the State Court system, and his public defender are why he was wrongly convicted and sentenced to twenty-two years in jail, with five years of supervised release. *See id.* Plaintiff demands the evidence that he claims was kept from him and his attorney, an investigation into his entire case, and review of his sentence. *Id.* at 5.

On January 22, 2019, the Court closed this case for Plaintiff's failure to comply with filing fee requirements, but upon Plaintiff's filing of a motion for leave to proceed *in forma pauperis* ("IFP"), the Court reopened Plaintiff's case and granted his motion. *See* Dkt. Nos. 4, 5, 8. At the same time Plaintiff also filed a motion requesting the Court appoint him counsel. *See* Dkt. No. 7. In response, Magistrate Judge Hummel reviewed Plaintiff's case and provided the April 19, 2019 Report and Recommendation presently before the Court. *See* Dkt. No. 9.

Magistrate Judge Hummel recommended dismissal of Plaintiff's claims with prejudice. *See* Dkt. No. 9. Upon review of Plaintiff's complaint, Magistrate Judge Hummel found the applicable statutes of limitations had expired for Plaintiff's claims, and recommended that even if they had not, the Court dismiss Plaintiff's claims on their merits. *See id.* As the Report and Recommendation indicates, *Heck v. Humphrey* prohibits Plaintiff from recovering on the merits of his § 1983 claims because Plaintiff's 2004 conviction has not been overturned. *See id.* Further, Magistrate Judge Hummel points to the State of New York's and the New York State Court of Appeals' Eleventh Amendment immunity, Judge Hall's judicial immunity, and District Attorney Hogan's absolute immunity for additional support for his recommendation to dismiss Plaintiff's claims. *See id.*

When addressing Plaintiff's allegations against Public Defender Robert Kelly, Magistrate Judge Hummel found Defendant Kelly could not be held liable pursuant to § 1983 because he was not a state actor and was only performing his traditional functions as counsel. *See id.* Additionally, Magistrate Judge Hummel found that any state law claim Plaintiff may assert against Defendant Kelly for legal malpractice would be outside of a federal court's subject matter jurisdiction, and barred by the statute of limitations. *See id.* Finally, in light of his recommendations to dismiss Plaintiff's claims with prejudice, Magistrate Judge Hummel recommends denying Plaintiff's motion for the Court to appoint counsel as moot. *See id.*

Plaintiff filed his objections to the Report and Recommendation on June 12, 2019 after the Court granted an extension of his time to object. *See* Dkt. No. 12. Plaintiff's objections reiterated many of his prior complaints, including allegations that New York State frivolously denied his various motions and refused "to uphold state laws and regulations on the 440" in connection with his 2004 conviction and "illegal 27 year sentence." *See id.* at 2. Plaintiff again seeks to proceed

IFP, requests reimbursement for costs charged to him in this matter, and repeats his initial requests for relief. *See id.*

### III. DISCUSSION

When a plaintiff files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the district court will review the magistrate judge's report and recommendation for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011). Upon the court's review, it may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

Here, Plaintiff's various objections are general and conclusory in nature, and are similar, if not the same arguments presented in his complaint. Therefore, this Court reviews the April 19, 2019 Report and Recommendation for clear error. The Court finds Magistrate Judge Hummel's recommendations to be appropriate and without error for the reasons stated herein.

**A.     Section 1983 Claims**

Magistrate Judge Hummel appropriately addressed whether Plaintiff, proceeding IFP, could properly maintain his complaint in the April 19, 2019 Report and Recommendation. *See* 28 U.S.C. § 1915(e)(2)(B). The Court agrees with Magistrate Judge Hummel that Plaintiff's complaint must be dismissed with prejudice because Plaintiff's claims are barred by the statute of limitations. For Plaintiff's § 1983 claims, Magistrate Judge Hummel necessarily applied New York's three year statute of limitations and found, pursuant to federal law, that these claims accrued when Plaintiff knew or should have known of the alleged harm. *See* N.Y. C.P.L.R. § 214(5); *Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Heard v. Sheahan*, 253 F.3d 316, 317-18 (7th Cir. 2001); *Harvey v.*

*Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000); *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)). Accordingly, the statute of limitations on Plaintiff's claims began to accrue in 2004 and expired in 2007. Therefore, Plaintiff's § 1983 claims are dismissed with prejudice on this basis.

Alternatively, even if Plaintiff's § 1983 claims were not time-barred, the Court finds Magistrate Judge Hummel appropriately concluded they would be barred by *Heck v. Humphrey*. *See Delaney v. City of Albany*, No. 1:18-CV-1193, 2019 WL 1486836, *3 (N.D.N.Y. Apr. 4, 2019) (citing *Godley v. Onondaga County*, No. 6:16-CV-01419, 2017 WL 2805162, *5 (N.D.N.Y. Jan. 6, 2017)). Further, Magistrate Judge Hummel correctly recommended dismissal of Plaintiff's § 1983 claims against the State of New York, the New York State Court of Appeals, Judge Hall, and District Attorney Hogan because these Defendants are shielded from Plaintiff's allegations by sovereign, judicial, and absolute immunity.

The State of New York and the New York State Court of Appeals enjoy immunity under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)) (holding that "if a § 1983 action alleging a constitutional claim is brought directly against a [s]tate, the Eleventh Amendment bars a federal court from granting any relief on that claim"); *see also Peterson v. N.Y.S. Court of Appeals*, No. 8:12-CV-1873, 2012 WL 7480033, *2 (N.D.N.Y. Dec. 27, 2012) (holding that a lawsuit "against a state court... is considered to be a suit against the state, and is therefore also prohibited by the Eleventh Amendment") (quoting *Abrahams v. Appellate Div. of Supreme Court*, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007)).

Defendant Judge Hall, a New York State Supreme Court Judge, enjoys judicial immunity. *See Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir. 1983) (holding that "a judge defending

against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his judicial capacity") (citing *Dennis v. Sparks*, 499 U.S. 24, 27 (1980); *Supreme Court of Virginia v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 734-35 (1980); *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); *see also Anonymous v. Kaye*, 987 F. Supp. 131, 135 (N.D.N.Y. 1997).

Defendant District Attorney Hogan has absolute immunity. In the Second Circuit, "it is well-established... that claims of malicious prosecution of a particular charge are tied to the judicial phase, and warrant absolute immunity for a defendant district attorney." *McKeon v. Daley*, 101 F. Supp. 2d 79, 87 (N.D.N.Y. 2000) (citing *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir. 1990)); *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995); *Eisenberg v. Dist. Att'y of Kings*, 847 F. Supp. 1029, 1036 (E.D.N.Y. 1994); *Smith v. Gribetz*, 958 F. Supp. 145, 152 (S.D.N.Y. 1997); *see Van Lewis v. Kyle*, No. 5:18-CV-1128, 2019 WL 643174, *2 (N.D.N.Y. Feb. 15, 2019); *see also Kneitel v. Danchuk*, No. 04-CV-0971, 2007 WL 4441224, *8 (E.D.N.Y. Dec. 17, 2007).

Finally, Magistrate Judge Hummel correctly found that Plaintiff cannot sue Defendant Kelly, Plaintiff's appointed counsel in his 2004 criminal proceedings, under § 1983. *See Kunz v. Brazill*, No. 6:14-CV-1471, 2015 WL 792096, *7 (N.D.N.Y. Feb. 25, 2015); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (holding that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983") (citation omitted). Therefore, the Court agrees with and adopts Magistrate Judge Hummel's recommendation to dismiss Plaintiff's § 1983 claims with prejudice.

**B.      Plaintiff's Malpractice Claim**

The Court also agrees with Magistrate Judge Hummel that any claim Plaintiff may have against Defendant Kelly for legal malpractice under New York state law would be barred by the statute of limitations. *See* N.Y. C.P.L.R. § 214(6); *Kunz*, 2015 WL 792096, at *6. Further, even if Plaintiff's claim was timely, the Court adopts Magistrate Judge Hummel's recommendation and declines to exercise supplemental jurisdiction because the Court dismissed Plaintiff's other claims over which it does have subject matter jurisdiction. *See* 28 U.S.C. § 1367(c).

Accordingly, the Court dismisses Plaintiff's complaint in its entirety, with prejudice.

**C.     Motion to Appoint Counsel**

Finally, the Court denies Plaintiff's motion to appoint counsel as moot.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, Magistrate Judge Hummel's April 19, 2019 Report and Recommendation, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Hummel's April 19, 2019 Report and Recommendation (Dkt. No. 9) is **APPROVED** and **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's Motion to Appoint Counsel (Dkt. No. 7) be **DENIED** as moot; and the Court further

**ORDERS** the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 1, 2019
      Albany, New York

                                       Mae A. D'Agostino
                                       U.S. District Judge